UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-0044-01ML |
| | ) | |
| STEPHEN MONTGOMERY | ) | |

---

OBJECTION TO PRESENTENCE REPORT

Now comes Stephen Montgomery, the Defendant in the above captioned matter, and makes the following objection to the presentence report ("PSR") prepared by the Probation Department in this case. Specifically, Mr. Montgomery objects to the addition of four levels under U.S.S.G. §2K2.1(b)(6).

Probation made its determination of the offense level in this case in ¶ ¶ 16 through 25 of the PSR. Probation calculated a base offense level of 20 with an additional four levels for the firearm having an obliterated serial number and an additional four levels under § 2K2.1(b)(6) of the sentencing guidelines. § 2K2.1(b)(6) of the sentencing guidelines calls for an increase if "the defendant used or possessed the firearm or ammunition in connection with another felony offense..." Probation supports this increase in Mr. Montgomery's case by stating that "(i)n this case, the defendant possessed a loaded firearm while he was also in possession of 4.6 grams of cocaine base as charged in P2/06-1037AG."

Mere possession of the firearm while also in possession of the cocaine base is not enough to support the increase. The guidelines explain that the four level increase in 2K2.1(b)(6) is applicable for a firearm used "in connection with" another felony offense if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense..." USSG § 2K2.1, comment (n.14(A)). Something more that a coincidental temporal possession is required.

The cocaine that Mr. Montgomery possessed in this case was not charged in federal court. He was charged with, and entered a plea of nolo contendere to, a charge of *simple possession* of cocaine in Rhode Island Superior Court. *See* PSR ¶ 36 referencing RI Superior Court case P2/06-1037AG.

Although the guidelines allow an inference that a firearm in proximity to drugs had the potential of facilitating a drug trafficking offense, and thus the application of the four level enhancement, no such inference is allowed with the mere possession of controlled substance. *See* U.S.S.G. § 2K2.1, comment (n. 14(B)).[1]

The First Circuit construed a similar provision in the armed career criminal guideline in *United States v. Ellis*, 168 F.3d 558 (1st Cir. 1999). In that case the defendant had been sentenced as an armed career criminal. The guideline applicable to armed career criminals, like the guideline in question here, calls for an increase in level if the firearm was used "in connection with" a crime of violence or a controlled substance offense. The *Ellis* court held that "Although the phrase 'in connection with' should be construed broadly, there must exist a causal or logical relation or sequence between the possession and the related offense. **Mere coincidental possession does not establish the required connection**" *Id* at 563 (emphasis supplied)( citations omitted).

In this case there is simply no causal relation between Mr. Montgomery's possession of a controlled substance and his possession of the firearm. There is no indication that the firearm had the potential to aid him in the simple possession of the controlled substance. Certainly no such inference can be drawn from the evidence before this court.

For this reason the guideline range should be recalculated in this instance and Mr. Montgomery should receive the benefit of the withdrawal of the four-level enhancement imposed by probation.

Mr. Montgomery makes the following additional objections and request for correction to the PSR.

1. ¶ 49. Mr. Montgomery is not Hispanic.
2. ¶ 54 Mr. Montgomery advises that he quit this job in order to begin work at Sea Freeze.
3. ¶ 55 Mr. Montgomery advises that at the time he was late and/or missed days at work he had transportation problems due to a suspended license.
4. ¶ 58 Mr. Montgomery advises that this company has a strict policy against rehiring

[1] Compare U.S.S.G §2D2.1 which sets the guideline for simple possession of a controlled substance. That provision, unlike U.S.S.G §2D1.1 (the guideline for trafficking in a controlled substance) does not have an enhancement for coincidental possession of a firearm.

people who have quit their employ.

Respectfully submitted
Stephen Montgomery
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
Mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this notice was delivered by electronic notification to Zechariah Chafee, Assistant United States Attorney, and Heather McLoughlin, United States Probation Officer, on February 22, 2008.

/s/ Mary S. McElroy