**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 06-44-ML** |
| | ) | |
| **STEPHEN MONTGOMERY** | ) | |

---

**MOTION FOR DOWNWARD DEPARTURE**

Now comes the defendant Stephen Montgomery, by and through his counsel, and moves that this Honorable Court grant him a departure pursuant to U.S.S.G. § 5K2.23. The sentencing guidelines allow for a departure for a defendant who has completed serving a term of imprisonment and, had he not completed the term, who would have been eligible for a departure pursuant to U.S.S.G. § 5G1.3.

In this case Mr. Montgomery served an eighteen month sentence at the Adult Correctional Institution in the State of Rhode Island.[1] Should the court deny Mr. Montgomery's objection to the Presentence Report and decline to make a four level adjustment in his offense level, then certainly U.S.S.G. § 5G1.3(b) would apply. The time that he served in Rhode Island would be relevant conduct to this case and as such he should be granted the adjustment as it will not be credited by the bureau of prisons. *See* § 5G1.3(b)(1)

Even if the court makes the suggested adjustment to his offense level, Mr. Montgomery respectfully requests that this court credit him with the time he served and was held in state court. *See* § 5G1.3( c). The sentencing guidelines allow for a court to credit Mr. Montgomery with the suggested time.

In this case the federal government took more than five months to issue an indictment against Mr. Montgomery. Although he could have sought to have this case adjudicated earlier Mr. Montgomery did not do so. This court appointed an attorney who consulted with him. After the consultation Mr. Montgomery decided not to address his federal charges until his state time

---

[1] Mr. Montgomery was held from November 14, 2005 until his release in federal court on June 26, 2007 and was therefore held for more than 19 months.

was completed. Thereafter, he discussed this issue with the attorney who represented him in state court. That attorney consulted with the attorney for the United States who advised him that he would have to wait. Mr. Montgomery's attorney in state court did not file the proper papers to have this case adjudicated while he was serving his state sentence. That misunderstanding cost Mr. Montgomery the opportunity to, perhaps, serve these sentences concurrently.

Accordingly, Mr. Montgomery submits that the ends of justice are best served by affording him credit for the more than 19 months he has already served.

Respectfully submitted
Stephen Montgomery
By his attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

**CERTIFICATION**

I hereby certify that a copy of this memorandum was filed electronically with notification to Zechariah Chafee, Assistant United States Attorney and Heather McLoughlin, USPO, on June 16, 2008.

/s/ Mary S. McElroy