**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 06-44-ML** |
| | ) | |
| **STEPHEN MONTGOMERY** | ) | |

---

## MOTION FOR DOWNWARD DEPARTURE

Now comes the defendant Stephen Montgomery, by and through his counsel, and moves that this Honorable Court make a two level horizontal departure in his criminal history category, from **Category VI** to **Category IV**. Mr. Montgomery makes this motion because a criminal history category VI significantly over represents the seriousness of his prior criminal history. Mr. Montgomery has a total of 15 criminal history points. Of those fifteen points three are assigned to him as a result of his conviction in the State of Rhode Island for the simple possession of controlled substance charge that arose from the same facts and circumstances in this case. Had the federal and state governments cooperated to prosecute Mr. Montgomery in one jurisdiction or the other he would only have 12 criminal history points. This alone would reduce Mr. Montgomery's criminal history to a category V.

In addition Mr. Montgomery received 3 criminal history points for a conviction that he received in 1997. He was 17 years old at the time. Mr. Montgomery waived jurisdiction from the family to the superior court on that charge and was treated as an adult. He served a six month prison sentence. These three points result from conduct that occurred when Mr. Montgomery was a juvenile. The court should not hold Mr. Montgomery responsible for this conviction as if it was an adult conviction. The United States Supreme Court recognized the significant differences between adults and juveniles when striking down the death penalty as applied to juveniles. *Roper v. Simmons,* 543 U.S. 551 (2005). The court stressed that juveniles differ significantly from adults and as such cannot be held to the same level of responsibility. The Court stressed the three general ways that juveniles differ from adults: they are immature and lack a proper sense of responsibility; they are more vulnerable to negative influences; and they do

not have a well developed character. *Id*. at 569-570. Society recognizes these deficiencies by regulating voting, driving, drinking, marriage and military service based upon age restrictions. *See Id.*

Finally, 5 criminal history points were assigned to Mr. Montgomery from misdemeanor charges. Two of those result from a charge of operating on a suspended driver's license. A reduction of eight more points would give Mr. Montgomery a criminal history category of III. Mr. Montgomery is not suggesting that the court should assign him a criminal history category III. He merely suggests that these additional eight points over represent the seriousness of the criminal history that they are representing and should be reduced accordingly. The court must recognize that misdemeanor offenses are less serious than felonies. While calculated correctly pursuant to the guidelines, U.S.S.G. § 4A does not address that significant difference.

Section 4A1.3 of the sentencing guidelines specifically allows the Court the discretion to depart downward where a defendant's assigned criminal history over-represents "the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." This is such a case. The defendant respectfully asks that this Court to grant a departure and assign Mr. Montgomery a Criminal History category IV.

Respectfully submitted
Stephen Montgomery
By his attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

**CERTIFICATION**

I hereby certify that a copy of this memorandum was filed electronically with notification to Zechariah Chafee, Assistant United States Attorney and Heather McLoughlin, USPO, on June 16, 2008.

/s/ Mary S. McElroy